# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

DOUGLAS PARKINS,
　　　　　　*Defendant-Appellant.*

No. 00-4478

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CR-99-210)

Submitted: March 9, 2001

Decided: April 23, 2001

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

George J. Cosenza, COSENZA, UNDERWOOD & MERRIMAN, Parkersburg, West Virginia, for Appellant. Rebecca B. Betts, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Douglas Parkins appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C.A. § 846 (West 1999) and possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Finding no error, we affirm.

Law enforcement officers seized from a Federal Express facility a package containing cocaine addressed to Ray Schneider. After a successful controlled delivery of the cocaine to Schneider and his subsequent arrest, he agreed to cooperate, consenting to monitoring and recording of conversations between himself and Parkins.

During one recorded telephone conversation, Parkins agreed to meet Schneider at a designated area, where authorities conducted visual and auditory surveillance. Surveillance officers monitored and attempted to record a conversation that occurred during the meeting between Parkins and Schneider. However, an equipment malfunction failed to produce an audible tape of the conversation. Parkins was arrested and indicted for conspiracy to distribute cocaine and possession of cocaine with intent to distribute.

During the jury trial, the district court sustained defense counsel's objection to the admission into evidence of the inaudible tape of the conversation between Schneider and Parkins. However, without objection by defense counsel, the Government presented evidence of the contents of the conversation through the testimony of Detective Rick Woodyard and Sargent Steve Verdow, both of whom had monitored and overheard the conversation.

The jury convicted Parkins on both counts. Parkins timely appealed his conviction, contending the district court's admission into evidence of the officers' testimony as to the content of the conversation they monitored and recorded between Parkins and Schneider constitutes plain error, in violation of Rules 801 and 1002 of the Federal Rules of Evidence.

Because defense counsel did not object to the officers' testimony regarding the taped conversation at trial, this Court reviews the matter for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993); *United States v. Moore*, 11 F.3d 475, 481 (4th Cir. 1993).

We find the district court did not err in admitting the detectives' testimony. The best evidence rule does not apply because the testimony of the detectives was offered to prove the content of the conversations rather than the content of the tapes. Fed. R. Evid. 1002; *see United States v. Howard*, 953 F.2d 610, 612-13 (11th Cir. 1992) (holding officer's testimonial recollection of conversation properly admitted when no audible recording ever existed); *United States v. Fagan*, 821 F.2d 1002, 1008 n.1 (5th Cir. 1987); *United States v. Bourne*, 743 F.2d 1026, 1032 (4th Cir. 1984).

Furthermore, given the wealth of other evidence implicating Parkins, even if admission of the disputed testimony constituted plain error, we find any such error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings or Parkins' substantial rights.

Accordingly, we affirm Parkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*